IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY SCOTT FIELDS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-1584-N-BD |
| | § | |
| LUBBOCK COUNTY TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Ricky Scott Fields, a Texas citizen, against Lubbock County, Texas and at least 125 other defendants. On May 18, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this action should be summarily dismissed as frivolous.

II.

As best the court can decipher his prolix complaint, plaintiff appears to allege that defendants have engaged in a broad conspiracy against him since 1993. Illustrative of plaintiff's conclusory and

largely nonsensical allegations is paragraph 132 of his complaint, which reads, in part:

> Through [the] course of Plaintiff's affairs, several Texas state courts and attending judges, Texas state mental health agency and its officers, a multitude of Texas state prosecutors, a multitude of state hospital officers and several of Plaintiff's own acquired and appointed counsel alike have, in diabolical and speineless [*sic*] manner and acting in concert, violated, and conspired to violate, Plaintiff of his federal constitutional rights; enacted and carried out a longstanding government coverup of a medication reaction finding made by an admitting state hospital physician and evidence of a maimed state hospital pillow and chart entries thereof; entrapped Plaintiff to unconstitutional status quo; coerced Plaintiff to refrain from bringing claims in these matters; and unconstitutionally administrated and instigated Plaintiff['s] life circumstance and state of affairs to turmoil and shambles with intent to generally railroad and scapegoat Plaintiff and protect and preserve their own reputations and interests.

(*See* Plf. Compl. at 25-26, ¶ 132). By this suit, plaintiff seeks damages from the various defendants in amounts ranging from $43.00 to $1 million. (*See id.* at 33, ¶¶ 147-150).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes, *inter alia*, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *See Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, he claims to have been "entrap[ped] . . . to turmoil, shambles, wrongful stigmatization and ongoing realm of government instigation" through unspecified "diabolical and spineless" conduct by 126 different defendants. (*See* Plf. Compl. at 27-28, ¶ 132). He repeatedly alleges a "broad concerted coverup of facts and evidence regarding a maimed state hospital pillow and chart entry thereof[.]" (*Id.* at 27, ¶ 132). Plaintiff also claims that the defendants have stigmatized him through reports in the Permian Basin and South Plains media to "several million area viewers and readers of news." (*Id.* at 29, ¶ 135). Dismissal is clearly warranted under these circumstances. *See, e.g. Patterson v. U.S. Government*, No. 3-08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint alleging that plaintiff was being tracked daily by a remote control bracelet, that the President of the United States called plaintiff's pastor to discuss the situation, that plaintiff received messages from anonymous sources and through television ads instructing her to return to her husband, and that someone at a family crisis center threatened to put plaintiff in a dungeon); *Melton v. American Civil Liberties Union*, No. 3-07-CV-0856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint alleging that ACLU and its attorneys, acting as unregistered Russian agents, violated plaintiff's civil rights and those of other Americans by using the courts to attack the United States Constitution and set up a Communist government); *Jackson v. Johnson*, No. 3-05-CV-1230-H, 2005 WL 1521495 (N.D. Tex. Jun. 27, 2005), *rec. adopted*, 2005 WL 1668084 (N.D. Tex. Jul. 13, 2005), *appeal dism'd*, No. 05-10939 (5th Cir. Jan. 16, 2006) (dismissing complaint alleging that FBI conspired with local and state police to invade plaintiff's privacy through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry"); *Johnson v. Drug Enforcement Agency*, No. 3-04-CV-0410-G, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004),

*rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004), *appeal dism'd*, 137 Fed.Appx. 680, 2005 WL 1444386 (5th Cir. Jun. 21, 2005) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, No. 3-03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States); *Decker v. Fleming*, No. 3-02-CV-2075-P, 2002 WL 31548766 (N.D. Tex. Nov. 12, 2002) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 22, 2012.

                                              JEFF KAPLAN  
                                              UNITED STATES MAGISTRATE JUDGE